IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

APARTMENT INSIDERS, LLC,     )
           )
     Plaintiff,     )
           )     NO. 3:25-cv-01137
v.     )
           )     JUDGE RICHARDSON
MIRAKLE HENSEN,     )
           )
     Defendant.     )
           )

---

MIRAKLE HENSEN,     )
           )
     Counter-Plaintiff,     )
           )     NO. 3:25-cv-01137
v.     )
           )     JUDGE RICHARDSON
APARTMENT INSIDERS, LLC,     )
           )
     Counter-Defendant.     )
           )

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 73, "R&R") of the Magistrate Judge, which recommends that the Court deny the motion for sanctions (Doc. No. 31, "Motion for Sanctions") that was filed by Defendant/Counter-Plaintiff, Mirakle Hensen (hereinafter "Defendant"). Via the Motion for Sanctions, Defendant seeks sanctions against Plaintiff/Counter-Defendant, Apartment Insiders, LLC (hereinafter "Plaintiff"), for what Defendant calls "a documented pattern of retaliation, intimidation, internal defamation, premature

---

[1] Herein, the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R (Judge Evans, who replaced the previously assigned magistrate judge on this case).

discovery demands, and misuse of the legal system—conduct that has caused severe financial, emotional, and professional harm." (Doc. No. 31 at 1). The R&R also recommends that the Court deny as moot the two motions to file audio exhibits (Doc. Nos. 30, 51, "Motions to File Audio Exhibits") filed by Defendant in connection with the Motion for Sanctions. No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of the factual background and procedural background (regarding underlying circumstances of this case and the at-issue motions) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

## I. Background

### A. The Instant Matter

Plaintiff and Counter-Defendant, Apartment Insiders, LLC (hereinafter, "Plaintiff"), filed the instant matter on October 2, 2025 (Doc. No. 1). Defendant was a real estate agent in Plaintiff's Charlotte, North Carolina office, until her termination on July 30, 2025 (*Id.* at 1 and 4). The complaint sets forth claims for trade secret misappropriation and breach of contract (*Id.* at 5-6).

Prior to Defendant's termination, Plaintiff claims that Defendant accessed "business-related information" online via a cloud drive and downloaded "at least two compilations that identify [Plaintiff's] landlords in the Charlotte area and the referral fees they pay" (Doc. No. 15 at 7-8). Plaintiff also claims that Defendant emailed herself the "last three months of [her] production reports", which effectively list the tenants that [Defendant] placed, where she placed them, and the start and end dates of their leases (*Id.*). After her termination, Plaintiff contends that Defendant joined a "direct competitor"—Carolina Apartment Locating ("CAL")— and is now, on behalf of CAL, actively "pursuing [] [Plaintiff's] tenants and landlords in violation of the[ir] Business Protection Agreement" (*Id.*). Plaintiff also notes that (i) no tenants in Defendant's pipeline have since sought Plaintiff's

---

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation. For *pro se* parties, like Defendant, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Defendant because the R&R was filed on April 6, 2026, and as of April 28, 2026, Defendant has not filed any objections.

services and (ii) Defendant blocked Plaintiff's personnel from viewing a TikTok account regularly used for marketing purposes (*Id.* at 8).

### B. The Pending Motions

All three motions relate to (i) Plaintiff's litigation approach and discovery methods, specifically the third-party subpoenas on CAL and Defendant's current brokerage—the Apartment Brothers, LLC (Doc. Nos. 31 at p. 1, 47 at p. 1, and 49 at p. 5), and (ii) Plaintiff's termination of third-party witness, Renee Rossignol (46 at p. 1-2, 49 at p. 3, and 51 at p. 2).

### 1. Plaintiff's Litigation Approach and Discovery Methods

With respect to litigation approach and discovery methods, Defendant takes issue with (a) Plaintiff's commencement of the instant matter on unsupported allegations, misrepresentations of Defendant's performance, and defamatory internal communications to staff, (b) opposing counsels' "aggressive" tone and "intimidating" behavior in out-of-court verbal communications, forum shopping, and previously withdrawn motion for expedited discovery, (c) any direct contact or general involvement with her employers via third-party subpoenas (Doc. Nos. 25, 31 at p. 2-3, Doc. No. 32 at p. 2, 47 at p. 1, and 49 at p. 5-6).

More specifically, Defendant alleges Rule 11 grounds are implicated due to Plaintiff's internal communications with staff about the prior, state court ruling and current litigation (Doc No. 31 at p. 2-3). Further, Defendant claims that the commencement of the litigation outright and subsequent litigation tactics, including the retaliatory termination of Ms. Rossignol, placed "tremendous pressure" on Defendant (*Id.* at p. 2; Doc. No. 49 at p. 1). Next, Defendant contends § 1927 is appropriate due to the commencement of this action in federal court after the state court litigation, request and subsequent withdrawal of its motion for expedited discovery, communications with her employer, and attempts to prematurely force a Rule 26(f) conference (Doc No. 31 at p. 3). Finally, Defendant claims inherent authority is applicable for any retaliatory termination of Defendant, withholding of her earned commissions thereafter, and Plaintiff's later defamatory communications or other involvement with staff and employers (*Id.* at p. 3-4).

For context, specifically with respect to case management, the 26(f) conference was held on November 17, 2025 (Doc. Nos. 43 at p. 1 and 45-1 at p. 1), the initial case management conference was held on December 10, 2025 (Doc. No. 6), and the initial case management order was filed on December 12, 2025 (Doc. No. 52). Plaintiff issued the above-mentioned subpoenas on November 29, 2025 (Doc. No. 55 at p. 2).

As for the subpoenas at issue, Defendant maintains that they were premature because the Rule 26(f) conference had not occurred, discovery had not opened, and the [then-assigned magistrate judge, who has since resigned] had not approved the Joint Case Management Order (Doc. Nos. 36 at p. 1, 43, and 52). In response, Plaintiff notes that the subpoenas were issued after the 26(f) conference and before the initial case management conference, and subsequently questions whether Defendant confused the conferences (Doc. No. 55 at p. 9). Defendant also claims that she "had no official notice prior outside of vague assertions of [the] subpoena" (Doc. No. 38 at p. 6). However, Plaintiff states that Defendant was provided copies of the subpoenas on November 25, 2025 (Doc. Nos. 45-1 at p. 1 and 55 at p. 2).

### 2. Plaintiff's Termination of Third-Party Witness

Like Defendant, Ms. Rossignol was a real estate agent of Plaintiff until her termination on or about November 30, 2025 (Doc. No. 38 at p. 1). Defendant filed a declaration from Ms. Rossignol on December 4, 2025 (Doc. No. 41-2). In support of her Motion for Sanctions, Defendant alleges that Ms. Rossignol's termination was retaliation for her participation in the instant matter (Doc. Nos. 38 at p. 2 and 49 at p. 3). In opposition, Plaintiff maintains that Ms. Rossignol was terminated for "forwarding internal, confidential, and privileged information to [a] personal email address and shar[ing] it externally" (Doc. No. 56 at p. 2).

(Doc. No. 73 at 2-5 (footnotes omitted)). The Magistrate Judge concluded that the Motion for Sanctions (Doc. No. 31) should be denied. (Doc. No. 73 at 17). The Magistrate Judge further concluded that the Motions to File Audio Exhibits (Doc. Nos. 30, 51), which were filed in connection with the Motion for Sanctions, should be denied as moot. (Doc. No. 73 at 17).

No party has filed objections to the R&R, and the time to file objections has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a)

provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 73) is adopted and approved. Accordingly, the Motion for Sanctions (Doc. No. 31) is **DENIED** and the Motions to File Audio Exhibits (Doc. Nos. 30, 51), are **DENIED** as moot.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE