IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

APARTMENT INSIDERS, LLC,     )
     )
    Plaintiff,     )
     )     NO. 3:25-cv-01137
v.     )
     )     JUDGE RICHARDSON
MIRAKLE HENSEN,     )
     )
    Defendant.     )
     )

---

MIRAKLE HENSEN,     )
     )
    Counter-Plaintiff,     )
     )     NO. 3:25-cv-01137
v.     )
     )     JUDGE RICHARDSON
APARTMENT INSIDERS, LLC,     )
     )
    Counter-Defendant.     )
     )

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 75, "R&R") of the

Magistrate Judge, which recommends that the Court deny the motion to dismiss (Doc. No. 12,

"Motion") that was filed by Defendant/Counter-Plaintiff, Mirakle Hensen (hereinafter

"Defendant"), and that seeks to dismiss the complaint (Doc. No. 1, "Complaint") of

Plaintiff/Counter-Defendant, Apartment Insiders, LLC (hereinafter "Plaintiff"), pursuant to Rule

12(b)(6). (Doc. No. 75 at 1). The R&R also recommends that the Court deny Plaintiff's request,

---

[1] Herein "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

which was made in Plaintiff's response (Doc. No. 20 at 5) to the Motion, to amend its Complaint. (Doc. No. 75 at 11-12). No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the factual and procedural background (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background in its entirety and includes it immediately below for reference:

## I. Background

### A. Factual Background

Plaintiff and Counter-Defendant, Apartment Insiders, LLC, filed the instant matter against Defendant and Counter-Plaintiff, Mirakle Hensen (Doc. No. 1 at p. 1). Hensen was a real estate agent in Apartment Insiders' Charlotte, North Carolina office, until her termination on July 30, 2025 (*Id.* at p. 4). The complaint sets forth claims for trade secret misappropriation and breach of contract (*Id.* at p. 5-6).

The parties' relationship is subject to a Business Protection Agreement ("BPA") (*Id.* at p. 1). The BPA contains five provisions relevant to the Motion to Dismiss:

1. Confidentiality. During and following the term of this Agreement, except on behalf of the Company, I will not use or disclose any information that I have generated or obtained at any time during my relationship with the Company that is a trade secret, information not generally known to or readily ascertainable by real estate agents outside of the Company, or information that the Company or I are contractually or ethically obligated to protect from unauthorized use or disclosure (collectively, "Company Information").

2. Client Interference. During the term of this Agreement and for eighteen (18) months thereafter, except on behalf of the Company, I will not assist, offer to assist, or help anyone else assist or offer to

---

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* parties, like Defendant, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Defendant, because the R&R was filed on April 16, 2026, and as of May 7, 2026, Defendant has not filed any objections.

assist any client of the Company with finding or securing residential rental housing.

3. Landlord Interference. During the term of this Agreement and for eighteen (18) months thereafter, I will not discourage or help anyone else discourage any landlord from doing business with the Company. For purposes of this Agreement, landlords include, without limitation, property management companies that the Company does business with or would like to do business with, property owners, property investors, and property debt relationships.

4. No Disparagement/Defamation. I will not disparage the Company, any real estate agents affiliated with the Company, or any of their products or services to anyone during the term of this Agreement or for 18 months thereafter. Likewise, I will not defame the Company, any real estate agents affiliated with the Company, or any of their products or services during the term of this Agreement or any time thereafter.

5. Return of Property. Within three (3) business days of the termination of my relationship with the Company or the Company's request at any time, I will return all Company property in my possession, including, without limitation, all equipment, tools, devices, keys and other means of accessing Company facilities and property, login information for Company accounts, Company Information, any other physical or electronic information that I have obtained or generated in connection with my relationship with the Company, and anything belonging to the Company's clients.

(Doc. Nos. 1 at p. 4-5 and 1-1 at §§ 4-6, 8-9).

Prior to Hensen's termination, Apartment Insiders claims that Hensen accessed "business-related information" online via a cloud drive and downloaded "at least two compilations that identify [Apartment Insiders'] landlords in the Charlotte area and the referral fees they pay" (Doc. No. 15 at p. 7-8). Apartment Insiders also claims that Hensen emailed herself the "last three months of [her] production reports", which effectively list the tenants that [Hensen] placed, where she placed them, and the start and end dates of their leases (*Id.*). After Hensen's termination, Apartment Insiders contends that Hensen joined a "direct competitor"—Carolina Apartment Locating ("CAL") —and is now, on behalf of CAL, actively "pursuing [] [Apartment Insiders'] tenants and landlords in violation of the[ir] Business Protection Agreement" (*Id.*). Apartment Insiders also notes that

(i) no tenants in Hensen's pipeline have since sought Apartment Insiders' services and (ii) Hensen blocked Apartment Insiders' personnel from viewing a TikTok account regularly used for marketing purposes (*Id.* at p. 8).

### B. Procedural Background

Apartment Insiders filed a breach of contract claim against Hensen in a related state court proceeding (the "Circuit Court Case") on August 22, 2025 (*Id.*). On September 15, 2025, a temporary restraining order was entered against Hensen in the Circuit Court for Davidson County, Tennessee (the "Circuit Court"), temporarily enjoining Hensen from further violations of the BPA (*Id.*). On September 25, 2025, however, the Circuit Court denied Apartment Insiders' motion for temporary injunction because "the client restrictions in [the BPA's] non-compete [we]re not enforceable as written" at the time. (Doc. No. 12-1 at 15). Apartment Insiders then voluntarily dismissed the Circuit Court Case without prejudice with the intent to "refile in federal court and add a [trade secret misappropriation] claim" (Doc. Nos. 12-1 at p. 6 and 15 at p. 9).

Apartment Insiders filed the instant matter against Hensen with claims for both trade secret misappropriation and breach of contract on October 2, 2025 (Doc. No. 1 at p. 5-6). Apartment Insiders then filed its motion for temporary restraining order on October 24, 2025 (Doc. Nos. 14- 15). On October 27, 2025, this Court denied Apartment Insiders' motion based on "'thinly disguised forum shopping' brought on by its dissatisfaction with unfavorable 'rulings in state court'" (Doc. No. 16 at p. 12). However, this Court noted that such rationale was limited to denying the same relief sought in a different forum, and not at all intended "to say that this Court is bent on ensuring or can use its discretion to ensure—due to distaste over forum-shopping—that [Apartment Insiders] receive no relief in this Court." (*Id.* at p. 13).

Hensen filed the instant Motion to Dismiss on October 24, 2025 (Doc. No. 12). Apartment Insiders filed its response in opposition on November 7, 2025 (Doc. No. 20), and Hensen filed her reply on November 13, 2025 (Doc. No. 21). This matter is ripe for consideration.

(Doc. No. 75 at 2-4 (footnotes omitted)). The Magistrate Judge concluded that the Motion (Doc. No. 12) should be denied. (Doc. No. 75 at 1, 12). The Magistrate Judge further concluded that the Court should deny Plaintiff's request, which was made in Plaintiff's response (Doc. No. 20 at 5) to the Motion, to amend its Complaint. (Doc. No. 75 at 11-12).

No party has filed objections to the R&R, and the time to file objections has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 75) is adopted and approved. Accordingly, the Motion (Doc. No. 12) is **DENIED,** and Plaintiff's request to amend its Complaint is **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE