APARTMENT INSIDERS, LLC,
     Plaintiff, Counter-Defendant,

v.

MIRAKLE HENSEN,
     Defendant, Counter-Plaintiff.

Case No. 3:25-cv-01137

Judge Eli J. Richardson
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

Pending before the Court is "Plaintiff's Motion to Seal Documents Filed by Defendant and Memorandum of Law" (Doc. No. 83, "Motion to Seal"). Therein, Plaintiff requests that this Court place eight documents under seal, namely Doc. Nos. 81-1, 81-2, 81-5, 81-6, 81-7, 81-8, 82-1, and 82-2 (collectively, "Proposed Sealed Documents"), each of which were filed by Defendant as exhibits to her response to Plaintiff's pending motion for sanctions (Doc. Nos. 81-83). Plaintiff requests that the Proposed Sealed Documents be sealed pursuant to the Agreed Confidentiality Order, entered by the Court on March 17, 2026 (Doc. Nos. 68 and 83 at p. 1). Plaintiff further states that Defendant "do[es] not oppose redaction of tenant names, phone numbers, email addresses, and similar personal identifying information," but opposes the sealing of any other information (Doc. No. 83 at p. 1-2). Plaintiff has not filed a response to the Motion to Seal. For the reasons described herein, the Motion to Seal is GRANTED (Doc. No. 83).

A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305-06 (6th Cir. 2016). By itself, a document's designation as confidential under a protective order agreed to by

the parties does not suffice to meet this burden. *See, e.g., Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents). From this, it easily follows that a party must do more than simply rely on the Agreed Confidentiality Order (Doc. No. 68) and must provide more than a generalized assertion that a document is confidential to justify sealing that document. *See Manning v. Lowe's Home Centers, LLC*, No. 3:24-cv-00926, 2025 WL 4236114, at *2 (M.D. Tenn. Nov. 12, 2025).

Here, Plaintiff seeks to substitute "minimally redacted copies [to] permit the public—and any interested competitors of Plaintiff, including Defendant's current brokerage—to understand the context of the documents relevant to the pending motions without accessing Plaintiff's confidential and/or trade secret information" (Doc. No. 83 at p. 3). In support, Plaintiff asserts that its interest in sealing outweighs the public's interest in accessing the records because the Proposed Sealed Documents are not "necessary for the public to understand this Court's ruling on whether Defendant has fulsomely participated in discovery or whether she violated this Court's March 26, 2026 Order" (*Id*. at p. 12). Plaintiff further asserts that the request is narrowly tailored because it "is not asking the Court to seal the[] exhibits in their entirety, but rather, to file redacted versions on the public docket" (*Id*. at p. 13). Plaintiff also provides the following:

1. Doc. No. 81-1 is a document containing Plaintiff's training program, and identifies names of current or potential third-party landlords. Plaintiff contends that (i) the document is marked as confidential and (ii) disclosure of such information could yield an advantage to competitors;
2. Doc. No. 81-2 is substantively identical to Doc. No. 81-1, varying only by different tabulation, references to "office" instead of "meeting space," and signature;

3. Doc. No. 81-5 is a text message exchange between Defendant and a former agent of Plaintiff containing names of third-party landlords unaffiliated with Plaintiff. Plaintiff contends that disclosure of such information could yield an advantage to competitors;

4. Doc. No. 81-6 is a text message exchange between Defendant and Plaintiff's agent containing names of third-party landlords and related leasing specials. Plaintiff contends that (i) the document is marked as confidential and (ii) disclosure of such information could yield an advantage to competitors;

5. Doc. No. 81-7 is an internal communication between Plaintiff's agents that describe third-party landlord names, addresses, and related leasing information. Plaintiff contends that (i) the document is marked as confidential, (ii) disclosure of such information "could serve to identify or embarrass" third parties, and (iii) Plaintiff's agent has a sufficient interest in privacy with respect to his name, contact information, and headshot;

6. Doc. No. 81-8 is a duplicate of Doc. No. 81-7, "varying only in magnification and legibility;"

7. Doc. No. 82-1 is an email containing the name, address, contact information, job information, and living preferences of a third-party tenant. Plaintiff contends that (i) the email is marked as confidential and (ii) the third party has a sufficient interest in privacy with respect to such information; and

8. Doc. No. 82-2 is a document containing names, addresses, and leasing information of third-party tenants. Plaintiff contends that (i) the document is marked as confidential, (ii) disclosure of such information "could serve to identify or embarrass" third parties who have a sufficient interest in privacy therein, and (iii) disclosure of such information could yield an advantage to competitors.

*Id*. at p. 6-11.

It is apparent that Plaintiff does not simply rely on the Agreed Confidentiality Order (Doc. Nos. 68). Indeed, Plaintiff provides more than a generalized assertion that the Proposed Sealed Documents are confidential to justify sealing. That is, Plaintiff not only provides a document-by-document analysis of the exhibits at issue, but also argues that there is a compelling interest in sealing that outweighs the public's interest in accessing the unredacted records, and that the request is narrowly tailored. *Montenegro v. Vaco LLC*, No. 3:23-CV-01265, 2025 WL 73247, at *2 (M.D. Tenn. Jan. 10, 2025). In evaluating whether Plaintiff has thus overcome its high burden, *Shane Group, Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179)), the Court

compares the exhibits Defendant filed and Proposed Sealed Documents Plaintiff filed, specifically

noting that Plaintiff seeks to redact the following:

1. Doc. No. 81-1: names of current or potential third-party landlords.
2. Doc. No. 81-2: Plaintiff's internal policies and guidelines for its agents;[1]
3. Doc. No. 81-5: names of third-party landlords not affiliated with Plaintiff;
4. Doc. No. 81-6: names of third-party landlords and related leasing specials;
5. Doc. No. 81-7: vaguely identified third-party landlord locations, somewhat described third-party landlord leasing information, and Plaintiff's agent's name, photo, and contact information;
6. Doc. No. 81-8: duplicate of Doc. No. 81-7 (*see supra*);
7. Doc. No. 82-1: name, address, contact information, job information, and living preferences of a third-party tenant; and
8. Doc. No. 82-2: names, addresses, and leasing information of third-party tenants and landlords.

Doc. Nos. 81-83.

It is well established that "[o]nly the most compelling reasons can justify non-disclosure

of judicial records." *In re The Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir.1983)

(citing *Brown & Williamson*, 710 F.2d at 1179-80). However, because Plaintiff essentially seeks

redactions for (i) internal training policies not generally available to the public and (ii) names,

addresses, and contact information of third parties, there is sufficient factual specificity and legal

support for the request to seal (Doc. No. 83). *Montenegro*, 2025 WL 73247, at *2 (determining

that there were substantial interests in favor of keeping documents pertaining to a company's

recruiting and training policies non-public); *O'Connor v. Lampo Grp.*, No. 3:20-cv-00628, 2022

WL 3569588, at *2 (M.D. Tenn. Aug. 18, 2022) (clarifying that the court does not believe the

public has any interest in the names, addresses, or contact information of any third parties, nor

does the public have an interest in accessing other information that is unrelated to the case [or]

could serve to identify or embarrass third parties); *In re The Knoxville News-Sentinel Co., Inc.*,

---

[1]     Contrary to Plaintiff's contention, Doc. No. 81-1 and 81-2 are not substantively identical.

723 F.2d at 477 (stating that because customers possessed a justifiable expectation of privacy that their names and financial records not be revealed to the public and there is no analogous need of the public to know about such names and financial records, interests in privacy were sufficiently compelling to justify non-disclosure).

Accordingly, the Motion to Seal (Doc. No. 83) is GRANTED. The Clerk of Court is DIRECTED to SEAL docket entries 81 and 82. The Clerk of Court is also DIRECTED to REFILE docket entries 81 and 82 with the Proposed Sealed Documents and BACKDATE the day of filing for May 9, 2026.[2]

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge

---

[2] Docket entry 81 should thus include nine exhibits, namely: 83-1, 83-2, 81-3, 81-4, 83-3, 83-4, 83-5, 83-6, and 81-9. Similarly, docket entry 82 should include the following two exhibits: 83-7 and 83-8.