APARTMENT INSIDERS, LLC,
      Plaintiff, Counter-Defendant,

v.

MIRAKLE HENSEN,
      Defendant, Counter-Plaintiff.

Case No. 3:25-cv-01137

Judge Eli J. Richardson
Magistrate Judge Luke A. Evans

## MEMORANDUM ORDER

Pending before the Court are two motions filed by Plaintiff and Counter-Defendant, Apartment Insiders, LLC ("Insiders"), namely the "Motion to Compel Forensic Imaging of Defendant's Devices" (Doc. No. 76, "Motion to Compel") and the "Motion for Sanctions for Defendant's Failure to Comply with Discovery Order" (Doc. No. 77, "Motion for Sanctions"). For the reasons described herein, the Motion to Compel is DENIED WITHOUT PREJUDICE (Doc. No. 76) and the Motion for Sanctions is GRANTED IN PART (Doc. No. 77).

**1.     Background**

**a.     Procedural History**

There has been an ongoing discovery dispute in this matter regarding Interrogatory Nos. 8, 10-16, and Request for Production Nos. 6, 9-10, 11-31, 33-37, and 38. For purposes of clarity, the Court details the following procedural history specific to that ongoing dispute.

Insiders served the first set of Interrogatories and Requests for Production on November 24, 2025 (Doc. No. 69-1 at p. 2), to which Defendant and Counter-Plaintiff, Mirakle Hensen ("Hensen"), provided responses on January 12, 2026 (*Id.*). Insiders and Hensen have since met and conferred or otherwise addressed the discovery dispute on 11 separate dates, including two conferences on December 31, 2025 and February 5, 2026, as well as various written

correspondence spanning from January 1, 2, 14, 30, February 3, 5, and March 6, 9, 10 and 11, 2026 (*Id*. at p. 1). Due to an unrelated personal matter, Insiders agreed to an extension for Hensen's responses through March 7, 2026 (*Id*. at p. 3). Hensen then provided the first, albeit late, supplement on March 9, 2026 (*Id*.).

Because the discovery dispute could not be resolved between the parties, the Court held a discovery conference on March 26, 2026 (Doc. No. 70), at which time the discovery deadline was extended a second time to April 16, 2026 (Doc. No. 71, "Discovery Order"). Also, at the discovery conference, the Court determined that the discovery requests were narrowly tailored[1] and ordered Hensen to (i) supplement her answers with "responsive, truthful, and complete responses, or in the alternative, lodge appropriate objections" and (ii) respond to Insiders' Requests for Production (*Id*.).

Hensen provided her second supplemental discovery responses on April 6, 2026 (Doc. Nos. 77-1 and 77-2). According to Insiders, because the discovery dispute was still not resolved, Hensen proposed another meet and confer (Doc. No. 77 at p. 2). In response, Insiders reportedly proposed April 24, 2026 as a date for the meet and confer, and sent accompanying email correspondence, which detailed its perceived deficiencies in Hensen's supplementation (Doc. No. 77-3). According to Insiders, Hensen later expressed that she would forego the scheduled meet and confer on April 24, 2026 altogether and, alternatively, provide a third supplementation (Doc. No. 77 at p. 3). The parties did not meet and confer prior to the instant Motion for Sanctions, filed on April 24, 2026 (*Id*. at p. 4). On April 27, 2026, 11 days after the discovery deadline, Hensen produced an additional 56 pages (Doc. No. 85 at p. 1).

---

[1]     Pursuant to the Discovery Order, Insiders' Request for Production Nos. 7 and 8 were slightly amended (Doc. No. 71).

### b.	Pending Motions

#### i.	Motion for Sanctions

With respect to the Motion for Sanctions, Insiders requests sanctions against Hensen for failure to comply with the Discovery Order (Doc. No. 77 at p. 19).

Hensen's opposition argues her "timely supplementation, substantial productions, ongoing participation in discovery, and good faith compliance efforts" (Doc. No. 81 at p. 15). According to Hensen, Insiders' Motion for Sanctions is better taken as an issue of "form, organization, or level of detail," rather than a refusal to participate or willful defiance of the Discovery Order (*Id*. at p. 5). Hensen further contends that any perceived failure on behalf of Insiders should have been addressed with a meet and confer or motion to compel (*Id*.).

In reply, Insiders offers that (i) Hensen's third supplementation came after the Court's April 16, 2026 extension deadline and Insiders' Motion for Sanctions (Doc. No. 85 at p. 1), (ii) Hensen's second supplementation merely repeats the same responses previously found deficient by this Court (*Id*. at p. 2), (iii) Hensen's responses and supplementations thereto fail to address discovery targeted at post-termination activities (*Id*. at p. 2-3), (iv) Hensen's partial screenshot production reflects apparent editing (*Id*. at p. 4), and (v) Hensen continues to improperly withhold documents on a theory of "privileged communications" (*Id*.).

#### ii.	Motion to Compel

Regarding the Motion to Compel, Insiders requests forensic imaging of Hensen's cell phone, personal computer, and/or laptop (Doc. No. 76 at p. 4). In support, Insiders contends that Hensen used one or multiple devices to "download, copy, share, and/or email information or documents belonging to Insiders and/or to perform apartment locating services after [her]

termination" (*Id*.).[2] Insiders also contends that (i) Hensen may have already deleted, or may in the future delete, such electronic information or documents from her personal device(s) (*Id*. at p. 7-8), (ii) Hensen continues to refuse to participate in discovery (*Id*. at p. 9), and (iii) Plaintiff's internal records do not show whether Hensen engaged in other misconduct after the documents were taken (Doc. No. 84 at p. 3-4).[3]

As expressed during the March 26, 2026 discovery dispute conference, and again in her opposition to the Motion to Compel, Hensen does not contest that information or documents were deleted from her personal devices, but instead (i) disputes the type of information or documents deleted and (ii) argues the propriety of such deletion under the parties' Business Protection Agreement (Doc. No. 80). Additionally, Hensen's opposition largely hangs on Insiders already possessing "extensive" and "substantial" information either through internal mechanisms or as a result of third-party discovery (*Id*. at p. 1, 8-9). In a broader sense, Hensen also disputes the level of participation in discovery to date (*Id*. at. p. 18).

## 2.      Legal Standard

### a.      Motion for Sanctions

Under 37, if a party "fails to obey an order to provide or permit discovery." the court may issue the following:

> "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[2]      According to Insiders, such information or documents include: "lists of dozens of properties and the commission rates they pay [Insiders], as well as a page listing properties will not pay commissions; monthly production spreadsheets containing tenant names, property names, lead start and end dates, invoice amounts, and commission splits; a script with sales blurbs concerning various properties; and [Insiders'] 14 step sales process" (Doc. No. 76 at p. 2).

[3]      According to Hensen, the deleted information or documents included only "outstanding invoices and work product [she] personally created" (Doc. No. 76-1 at p. 2-3).

(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Fed. R. Civ. P. 37(b)(2)(A). Additionally, "instead of or in addition to the orders above, the court must order . . . pay[ment of] reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(C).

The dismissal of an action under Rule 37 is a sanction of "last resort" that a court may impose only when "a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Kindred v. Memphis Light, Gas & Water Div.*, No. 19-CV-2660, 2021 WL 6751896, at *3 (W.D. Tenn. Apr. 21, 2021) (citations omitted). The Court is required to consider four factors when deciding whether to impose the sanction of dismissal under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor . . . is whether less drastic sanctions were first imposed or considered.

*Kindred*, 660, 2021 WL 6751896, at *3 (ellipsis in original) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); other citations omitted). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (1999) (6th Cir. 1999) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

### b.      Motion to Compel

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (citation omitted). Generally, Federal Rule of Civil

Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

After making a good faith attempt to resolve a discovery dispute, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory" or "produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Additionally, "an evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010).

Once discovery material sought appears to be relevant, the resisting party must establish that the material "either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Amos v. Lampo Grp., LLC*, No. 3:21-cv-00923, 2023 WL 12226976, at *3 (M.D. Tenn. Mar. 14, 2023) (citing *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007)). The resisting party "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id.*

**3.      Analysis**

**a.      Motion for Sanctions**

Insiders seeks all Rule 37 sanctions against Hensen, namely: entering a default judgment, striking her answer, dismissing her counterclaim, finding an adverse inference, finding her in contempt, compelling compliance with the Discovery Order, staying discovery deadlines, and ordering reasonable expenses, including attorneys' fees (Doc. No. 77 at p. 18).

While true that Hensen supplemented her discovery responses as ordered, sheer volume, absent responsiveness, is simply not enough. The relevant briefing and actual discovery responses themselves show that Hensen has again opted to obfuscate and evade discovery wherever possible.[4] This is perhaps most apparent where, instead of answering the question as written, Hensen argues that her responses "preserv[e] appropriate limitations necessary to address proportionality, privilege, privacy, and third-party confidentiality concerns" (Doc. No. 81 at p. 9). That is, instead of complying with the Discovery Order, Hensen chose to either rewrite the questions according to her vague whims or reword her prior responses to regurgitate her understanding of (i) confidential or containing trade secret information, (ii) proportional, (iii) relevant, or (iv) privileged (comparing 69-1 and 77-2). This is a rather puzzling approach considering the prior discovery conference and accompanying Discovery Order where the Court explicitly determined that Insiders' discovery requests were narrowly tailored (Doc. No. 71).

For Hensen's benefit, it should thus be reiterated that this is not a "form" or "detail" issue, but an issue of responsiveness, specifically the absence thereof (Doc. No. 81 at p. 5). The Discovery Order cannot be misunderstood as somehow permitting her to abscond from meaningful

---

[4]      Because Hensen's responses were substantively non-responsive, the Court will not list them all. Instead, the Court will only highlight certain portions of the responses.

participation in discovery (Doc. No. 71). For example, with respect to interrogatories, discovery is not the appropriate venue to argue the merits of the information sought (Doc. No. 77-2 at p. 1-3). Similarly, regarding requests for production, discovery is not for "cherry picking" what documents are "representative" of the documents requested (*Id*. at p. 4).

The various avenues with which Hensen seeks to excuse her behavior are similarly unavailing. The Court understands that Hensen proceeds *pro se* in this litigation; however, she retains an obligation to meaningfully participate as leniency afforded to *pro se* litigants cannot permit outmaneuvering discovery. Further, even where Hensen contends that a meet and confer or motion to compel would be more appropriate (Doc. No. 81 at p. 5), Hensen has already been afforded multiple opportunities to "clarify" the discovery requests with Insiders via email, phone, and two meet and confers, in addition to a discovery conference with the Court (Doc. No. 69-1 at p. 1, 71, and 81 at p. 5). Hensen also does not contest the assertion that she chose not to attend the meet and confer, a meeting that she requested herself (Doc. No. 77 at p. 3-4). Finally, even where Hensen continues to offer further supplementation of her responses (Doc. No. 81 at p. 10), she does not argue how she intends to remedy her responses to comply with the Discovery Order (Doc. No. 81 at p. 10). This is especially troubling where Hensen has already clearly misunderstood the Court's determination at the discovery conference and resulting Discovery Order requirements.

Regarding the other sanctions Insiders seeks, including dismissal, the record reflects that Hensen's behavior appears willful and in bad faith. Hensen, however, has not been explicitly warned prior that failure to cooperate could lead to more dispositive sanctions. Similarly, the Court has not previously imposed less drastic measures against Hensen. Although discovery suffered multiple delays and Insiders was thereby prejudiced, more severe sanctions are not warranted at this time, subject to renewal should Hensen's behavior continue. Hensen then must understand

8

that any further failure to cooperate with discovery could result in more severe sanctions, including dismissal. Fed. R. Civ. P. 37(b)(2)(A).

Nevertheless, because Hensen's responses are selective at best and not compliant with the Federal Rules of Civil Procedure or the Discovery Order, and such misguided behavior cannot be tolerated, monetary sanctions will be imposed to curb any continued and apparent refusal to comply with discovery. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (Where appropriate, sanctions must be available "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Sec. Nat'l Bank of Sioux City, IA v. Jones Day*, 800 F.3d 936, 942 (8th Cir. 2015) ("Such sanctions are properly imposed to deter ongoing and subsequent discovery abuses.") (citations omitted).

Accordingly, the Motion for Sanctions (Doc. No. 77) is GRANTED IN PART. The Court will require Hensen to pay reasonable expenses incurred by Insiders, including attorney's fees. Counsel for Insiders shall file a fee declaration setting forth the total amount of fees and costs incurred no later than 14 days after the date of entry of this order. Any objection thereto shall be filed within 14 days after the date Insiders' declaration is filed.

Moreover, considering the demonstrated history of non-responsiveness on behalf of Hensen, the Court will afford her one final opportunity to comply with the discovery process. Hensen is thus ORDERED to supplement her answers to Interrogatory Nos. 8, and 10-16 or, in the alternative, lodge appropriate objections no later than June 23, 2026. Hensen is also ORDERED to respond to the Request for Production Nos. 6-31, 33-37, and 38 no later than June 23, 2026.[5]

---

[5] To the extent Hensen relies on deletion of relevant information or documents in her possession, she must produce those files. *Ameriwood Industries, Inc. v. Liberman,* No. 06-524, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006) ("It is generally accepted that deleted computer files

### b. Motion to Compel

The Sixth Circuit is especially cautious in granting compelled forensic imaging requests because of the "unduly intrusive" nature of the request and accompanying privacy concerns at issue. *See Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 307-08 (W.D. Ky. 2025) (reasoning that a party "would have no right to command [a third-party entity] to delete her personal data . . . indubitably risk[ing] improper exposure"). The moving party's justification under this framework must then be "significant enough to override the risk of improperly exposing confidential or private personal information wholly unrelated to the case." *Id*.

Under the circumstances here, any skepticism that "[Hensen] may have engaged in other misconduct" after the documents were taken and any assertion concerning possible spoliation are insufficient to compel forensic imaging (Doc. No. 84 at p. 4). *Dodd*, 349 F.R.D. at 309, 312 (Just as "[m]ere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures," a "[m]ere assertion that [the moving party] needs to ensure relevant data was not spoliated is not enough to justify forensic imaging.").

However, forensic imaging could be warranted under specific circumstances, one such example being that Insiders "cannot rely upon ordinary discovery mechanisms" (*Id.* at p. 3).[6] *See, e.g., Casasola v. Control Sys. Int'l, Inc.*, No. 22-2505-JWB, 2024 WL 2938829, at *9 (D. Kan. June 11, 2024) (stressing that repeated efforts to thwart discovery were a "self-inflicted wound," which appropriately culminated in forensic imaging after all other discovery facilitation measures

---

are discoverable"). If Hensen is somehow unable to access the deleted files, she must retain an independent specialist to recover such files and produce such files in discovery. *See, e.g., FCA US LLC v. Bullock*, 329 F.R.D. 563, 569 (E.D. Mich. 2019).

[6]     The Court makes no determination as to whether Insiders has presented sufficient evidence that Hensen's personal devices are the only source of relevant information. *See, e.g.*, *Dodd*, 349 F.R.D. at 310.

failed); *see Hawkins v. Ctr. For Spinal Surgery,* No. 3:12–1125, 2015 WL 3795297, at *1 (M.D. Tenn. June 18, 2015) (recognizing that mirror imaging may be justified where there are "discrepancies or inconsistencies in the responding party's discovery responses "); *see also Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing inspection where "troubling discrepancies" with respect to document production was demonstrated).

It is clear from the record that the information sought is relevant and that Insiders has repeatedly tried to obtain the information through standard discovery processes (Doc. No. 69-1 and 71). Indeed, even after a discovery conference and repeated attempts at facilitating discovery over 11 separate instances, the parties have still not successfully resolved the discovery dispute.

Accordingly, because both Insiders' mere skepticism that Hensen has not produced all relevant information and mere assertion of possible spoliation are not enough to establish a substantial justification for forensic imaging of Hensen's personal devices, the Motion to Compel (Doc. No. 76) is DENIED WITHOUT PREJUDICE. However, should Hensen continue to obfuscate or otherwise improperly evade the discovery process, Insiders may renew the request for forensic imaging, which may in turn be granted by this Court, subject to a thorough review of ample safeguards for privacy concerns. *See, e.g., Casasola,* 2024 WL 2938829, at *9.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge