UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APARTMENT INSIDERS, LLC,<br>Plaintiff, Counter-Defendant,<br><br>v.<br><br>MIRAKLE HENSEN,<br>Defendant, Counter-Plaintiff. | Case No. 3:25-cv-01137<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is the "Motion for Attorney's Fees and Memorandum of Law" as filed by Plaintiff and Counter-Defendant, Apartment Insiders, LLC ("Insiders") (Doc. No. 93, "Motion for Attorney's Fees"). Defendant and Counter-Plaintiff, Mirakle Hensen, filed a response (Doc. No. 95), to which Insiders did not file a reply. The Motion for Attorney's Fees is now ripe for decision. For the reasons stated herein, the Motion for Attorney's Fees is GRANTED IN PART (Doc. No. 93).

## I. Factual and Procedural Background

The Court has previously reviewed Hensen's responsiveness to Insiders' Interrogatory Nos. 8 and 10-16, and Requests for Production Nos. 6-10, 11-31, 33-37, and 38, for compliance with the March 26, 2026-Order (Doc. No. 71)[1] and the Federal Rules of Civil Procedure. The resulting June 4, 2026-Order required Insiders to file a fee declaration setting forth a total amount of fees and costs and Hensen to pay reasonable expenses incurred by Insiders, including attorney's fees (Doc. No. 90). The Court now reviews Insider's fee request for reasonableness.

[1] After a prior discovery conference with the undersigned on March 26, 2026, where the Court explicitly determined that Insiders' discovery requests were narrowly tailored, Hensen was required to supplement with "responsive, truthful, and complete responses, or in the alternative, lodge appropriate objections," and respond to Insiders' Requests for Production (Doc. No. 71).

Insiders filed the instant motion along with a supporting declaration and redacted invoices, which includes relevant dates, fee rates, and total amounts, as well as summaries of all time entries for which Insiders seeks fees (Doc. No. 93, 93-1, and 93-2). Therein, Insiders argued that the requested fees are reasonable under each factor of Tennessee Supreme Court Rule 8 and Rule of Professional Conduct 1.5(a) (Doc. No. 93 at p. 3). Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent;
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> (10) whether the fee agreement is in writing.

Tenn. R. Sup. Ct. 8, RPC 1.5(a).

In response, Hensen takes issue with an absence of "segregation" within billing entries (*i.e*., block billing), unbilled time entries, and differing fee total and hourly billing rate representations (Doc. No. 95 at p. 7, 9).[2] Hensen also argues that the requests go too far into routine litigation work and thus stray from the relevant discovery dispute (*Id*. at p. 10-11).

## II. Law

"The party seeking attorney's fees bears the burden of documenting his [or her] entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citation omitted). The moving

---

[2] Hensen also raises other objections, including substantial redactions and omitted supporting pages (Doc. No. 95 at p. 9); however, the Court focuses specifically on arguments that would not muddle the reasonableness inquiry or otherwise prove meritless.

party thus has two main obligations: to provide the court with "evidence supporting the hours worked and rates claimed" and to demonstrate that the requested fee award is "reasonable." *Perry v. AutoZone Stores, Inc*., 624 Fed. Appx. 370, 372 (6th Cir. 2015); *Lance Coal Corp. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016).

The most useful starting point for determining a reasonable fee amount is the lodestar, *i.e*., "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *Webb. v. Bd. of Educ. of Dyer Cnty., Tenn*., 471 U.S. 234, 242 (1985) (citations omitted). To determine the reasonableness of hours expended, the key requirement "is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Imwalle v. Reliance Med. Prods., Inc*., 515 F.3d 531, 553 (6th Cir. 2008) (citation modified). "Where the documentation is inadequate, the district court may reduce the award accordingly." *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining whether a requested hourly rate is reasonable, the court looks to the "prevailing market rate in the relevant community" and considers the comparable skill, experience, and reputation of the attorneys involved in the litigation. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

After determining the lodestar amount, the court may then adjust the fees upward or downward based on the *Johnson* factors. *Reed*, 179 F.3d at 471 n.3 (citation omitted) (The *Johnson* factors include: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

## III. Discussion

Prior to proceeding with a reasonableness inquiry, the Court must first contend with substantial and apparent inconsistencies in Insiders' Motion for Attorney's Fees. For example, Insiders' Motion requests $24,157.50 for 62.7 hours of work completed by lead counsel Daniel Crowell and junior attorney Eric Lyons (Doc. No. 93 at p. 2-4)[3] whereas the supporting invoices actually reflect a cumulative amount of $24,637.50 in fees for 63.9 hours of work (Doc. No. 93-2). While vague, this is perhaps unsurprising upon factoring in Insiders' proposed reductions of $480.00 over 1.2 hours for two entries that bill time relevant to both the relevant discovery dispute in addition to time for the protective order or the motion to compel (Doc. No. 93 at n.1-2).[4] However, as Hensen correctly notes (Doc. No. 95 at p. 9), Insiders then inexplicably concludes with a request for $23,957.50 without further explanation as to any additional $200.00 reduction (Doc. No. 93 at p. 5).

Additionally, with respect to Insiders' proposed reductions (Doc. No. 93 at n.1-2), a review of the Barton LLP and Buchalter LLP invoices reflect seven other time entries, spanning 8.4 hours

---

3 According to Attorney Crowell's declaration, representation of Insiders began at Barton LLP and later transitioned in April 2026 to Buchalter LLP (Doc. No. 93-1 at p. 2).

4 On February 5, 2026, Insiders proposed a 0.20 hour reduction from a 3.20 time entry (Doc. No. 93 at n.1) for a summary which read "[a]ttend video meet-and-confer with M. Hensen (2.5); draft email to M. Hensen regarding substance of meet-and-confer; *revise protective order in light of M. Hensen's requests*" (Doc. No. 93-2 at p. 5 (emphasis added)). As a result, Insiders appears, rather remarkably, to propose that 0.5 hours of then 3.20 time entry was spent drafting a singular email.

On April 20, 2026, Insiders proposed a 1.00 hour reduction from a 2.60 hour time entry (*Id*. at n. 2) for a summary which read "[c]ontinue reviewing M. Hensen's supplemental document production; draft correspondence to M. Hensen regarding deficiencies; *continue drafting motion to compel imaging of devices*" (at p. 14 (emphasis added)).

of work, that relate to the protective order (Doc. No. 93-2 at p. 8-9) or the motion to compel (*Id.* at p. 13 and 15), of which Insiders neither proposes additional reductions, nor offers any explanation as to why these entries would be excluded from the proposed reductions despite a similar conflation of time spent between the underlying discovery dispute and other tasks. By example, those entries include the following:

> (i) March 11, 2026 for 1.30 hours, "*[e]xtensive back-and-forth correspondence with M. Hensen regarding draft confidentiality order* and her discovery obligations;"
> (ii) March 12, 2026 for 1.70 hours, "*[f]urther extensive back-and-forth correspondence with M. Hensen regarding protective order, meet-and-confer obligations, and protective order;* work on joint discovery dispute statement;"
> (iii) March 16, 2026 for 0.50 hours, "*[c]orrespond back and forth with M. Hensen regarding protective order* and discovery;"
> (iv) April 14, 2026 for 0.20 hours, "*[t]elephone conference with J. Sanders regarding* document production, *motion to compel,* and further discovery disputes before the Magistrate Judge;"
> (v) April 23, 2026 for 3.60 hours, "*[d]raft motion to compel compliance with discovery order* and for sanctions*; finalized exhibits for the same*;"
> (vi) April 24, 2026 for 0.80 hours, "*[t]elephone conference with J. Sanders regarding* [], *motion to compel,* and [];" and
> (vii) April 24, 2026 for 0.30 hours, "*[f]inalize and file motion to compel forensic imaging* and motion for discovery sanctions."

(Doc. No. 93-2 at p. 8-9, 13, and 15 (emphasis added)).

The Court also notes two other entries—April 27, 2026 and May 11, 2026 for 0.20 and 0.10 hours, respectively (*Id.* at p. 15 and 17)—that include partial redactions for unrelated tasks, presumably in a bid to "preserve privilege, remove private information, []or to remove time entries that are not being requested to be reimbursed as part of this fee motion on the issue of discovery sanctions" (Doc. No. 93-1 at p. 3-4). While those redactions would not be improper standing alone, Insiders does not propose a reduction amount for the unrelated portions of those time entries or offer any explanation as to why a reduction would not be appropriate.

Absent clarity on Insiders' total requested amount and block-billing proposed reductions reasoning, the Court now proceeds with the lodestar calculation and appropriate adjustments by "us[ing] estimates in calculating and allocating an attorney's time." *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation omitted).

As for reasonable hours expended, the supporting invoices specify, for each entry, the date that the time was billed, the attorney who billed the time, the fractional hours billed (in tenths of an hour), and the tasks completed (Doc. No. 93-2). *Cf. McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir.2005) (finding billing records to be adequate "even if the description for each entry was not explicitly detailed"). Notably, the invoices also reveal that Attorney Crowell submits only three entries, each limited to "[c]ommunications with M. Hensen re: discovery dispute," and requests only 1.2 hours of the total hours requested (Doc. No. 93-2 at p. 1 and 4). The Court finds that the low request of 1.2 hours to be reasonable for a partner-level attorney serving a supervisory role. *See Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137-TRM-DCP, 2022 WL 4372350, at *9 (E.D. Tenn. Sept. 21, 2022) (finding thirteen time entries to be consistent with general oversight representation); *Cf. Pineda Transp., LLC v. FleetOne Factoring, LLC*, No. 3:18-cv-00089, 2020 WL 529231, at *5 (M.D. Tenn. Feb. 3, 2020) (reasoning that while it is reasonable to delegate the majority of tasks to the less expensive attorney in many situations, it is not necessarily appropriate where "an opposing party's intransigence in discovery is an obstacle").

As for the remaining majority of hours requested for Attorney Lyons' time, the Court, without more, cannot so easily approximate what time was spent on what task. This is in part because it remains unclear how Insiders came to either proposal of a $480.00 reduction (Doc. No. 93 at n.1-2) or $680.00 reduction (*Id*. at p. 5), or why similar block-billing entries would not also be subject to a proposed reduction (Doc. No. 93-2 at p. 8-9, 13, and 15). *See Knox Trailers*, 2022

WL 4372350, at *6 (reviewing the requested block-billing entries within a task specific framework) (comparing *Potter v. Blue Cross Blue Shield of Mich.*, 10 F. Supp. 3d 737, 764–65 (E.D. Mich. 2014) and *Kinder v. Northwestern Bank*, No. 1:10-cv-405, 2012 WL 2886688, at *5 (W.D. Mich. June 5, 2012)). As a result, a reduction in the number of hours billed is both appropriate as to work related to the protective order or the motion to compel and necessary to limit compensation to relevant expenses. *See, e.g., Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F.Supp. 1017, 1020-21 (N.D. Ohio 1997) (reducing a request for 10% for insufficient documentation because "numerous entries are 'lumped' together under one total").

As for the reasonable hourly rate, and based on the information provided, the Court finds that the $450.00 hourly rate requested for Attorney Crowell is within the range of reasonable for partner-level rates (Doc. No. 93 at p. 4). *See Dorsa v. Miraca Life Sci.*, No. 3:13-cv-01025, 2026 WL 624398, at *4 (M.D. Tenn. Mar. 5, 2026); *McGruder v. Metro Gov't of Nashville*, No. 3:17-cv-01547, 2022 WL 2975298, at *2 (M.D. Tenn. July 27, 2022) (finding $500 to be within the realm of what is ordinary and reasonable for experienced litigation counsel in this district).

However, the hourly rate for Attorney Lyons is again more complex in light of continued inconsistencies. That is, (a) the Motion for Attorney's Fees identifying his hourly rate as $350.00 (Doc. No. 93 at p. 4), (b) Attorney Crowell's declaration initially stating Lyon's hourly rate (at both Barton LLP and Buchalter LLP) was $375.00 (Doc. No. 93-1 at p. 3) only to later suggest that his hourly rate was $350.00 at Barton LLP and $400.00 at Buchalter LLP (*Id*. at p. 4), and curiously, (c) the Barton LLP and Buchalter LLP invoices reflecting an hourly rate as $375.00 and

$400.00,[5] respectively (Doc. No. 93-2).[6] Because Insiders has not provided sufficient evidence to support the reasonableness of the hourly rate requested for Attorney Lyons, the Court may look to "awards in analogous cases" and "its own knowledge and experience in handling similar fee requests" for guidance. *Waldo v. Consumers Energy Co*., 726 F.3d 802, 822 (6th Cir. 2013). Here, the Court finds that the $350.00 hourly rate is within the ambit of a reasonable rate for an attorney licensed in 2017 (Doc. No. 93-1 at p. 2). *Knox Trailers*, 2022 WL 4372350, at *3-4 (collecting cases re the prevailing rate of attorneys); *Pineda Transp.*, 2020 WL 529231, at *5 (even where the rate requested approaches the high end of rates typically approved, an attorney's level of experience may justify the rate of compensation); *Nixon v. SACMI IMOLA S.C*., No. 3:20-cv-01103, 2024 WL 1912559 at *7 (M.D. Tenn. May 1, 2024) (same).

To be clear, however, a request of $24,637.50 in attorney's fees pertaining to a single discovery dispute, even one of an ongoing nature, shocks the judicial conscience. *See Nixon*, 2024 WL 1912559 at *7 (quoting Plato in warning that an excessive increase of anything causes a reaction in the opposite direction) (citation omitted). Further, the request for 63.9 hours of attorney work to pursue a discovery motion is plainly excessive (Doc. No. 93-2). *Id*. (finding that 20 hours is a reasonable, compensable amount of time for a single discovery dispute). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Myers v. SSC Westland Operating Co., LLC*, No. 13-14459, 2015 WL 3915797, at *4 (E.D. Mich. June 25, 2015) (citation omitted).

---

[5] Arguably, four pages of the Buchalter LLP invoice do not include an hourly rate at all, but simple mathematics reveal a rate of $400.00 for the relevant time (Doc. No. 93-2 at p. 13-20).

[6] While it is not appropriate for the Court to make assumptions on behalf of counsel, Lyon's hourly rate could perhaps be explained by what appears to be a promotion from an associate position at Barton LLP to senior counsel at Buchalter LLP (Doc. Nos. 93-2 at p. 2 and 93-3 at p. 2). Nevertheless, the Court declines to supply counsel's work for them.

While the Court does not at all question the necessity of certain strategic choices in light of Hensen's demonstrated frustration of discovery efforts (Doc. No. 90 at p. 7-8), it does find the total amount of time requested to be unwarranted, particularly for excessive conferencing. *Dorsa*, 2026 WL 624398, at *6 (determining that a reduction was warranted in part due to duplication of work through excessive conferencing). Indeed, upon review of the requested time entries, it appears only 15.10 hours of total attorney time were billed for either substantive review of Hensen's discovery production or drafting the relevant motion and related filings (the remaining 48.80 hours were either limited to incessant conferencing about the dispute or otherwise so intertwined with other tasks that it is impossible for the Court to guess what amount of time was spent on relevant tasks) (Doc. No. 93-2). *See Ky. Rest. Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415, 419 (6th Cir. 2004) (explaining that hours may be cut where the time was "excessive," using an "arbitrary but essentially fair approach" of simply deducting a percentage of the total hours); *see also Vasser v. Amesbury Springfield, LLC*, No. 3:24-cv-00527, 2026 WL 1508736, at *3 (M.D. Tenn. Mar. 13, 2026) (finding a reduction in the number of hours billed is appropriate and necessary to compensate Defendants for their expenses but not punish Plaintiff beyond those goals).

After various reductions to account for inconsistencies across the total amount of fees requested, Insiders' proposed reductions for block-billing entries, and Attorney Lyon's hourly rate, in addition to an across the board reduction for excessive and duplicative time entries, the Court thus finds that a reasonable fee amount in this case is $3,699.50 (a 30% reduction applied to 15.10 hours at a rate of $350.00). *Howe v. City of Akron*, 705 Fed. Appx. 376, 382 (6th Cir. 2017) (In determining whether an adjustment to the loadstar amount is warranted, the Court is not required to conduct a line-item review of the records, and may instead do "rough justice" through an across

the board reduction). That total amount is a more than fair and proportional award to adequately serve the intended deterrent effect of remedying discovery misconduct. *Jackson v. Nissan Motor Corp., No. 88-6132, 1989 WL 128639*, at *3 (6th Cir. Oct. 30, 1989) (quotations and citation omitted) (determining that the purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery").

The Court is also persuaded that this reduction is reasonable based on Hensen's *pro se* status. *See Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) (collecting cases) (Finding that a plaintiff's ability to pay is an appropriate consideration when determining the amount of fees to be awarded under the lodestar analysis); *see also Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987) (cautioning that an award of attorney's fees "should not subject [a] plaintiff to financial ruin[,]" particularly where the fee request is sizable).

Accordingly, the Motion for Attorney's Fees (Doc. No. 93) is GRANTED IN PART. Insiders is awarded $3,699.50 in attorney fees.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge